UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILADELPHIA INDEMNITY
INSURANCE COMPANY, a Pennsylvania
corporation,

        Plaintiff,

v.

UNITED REVOLVER CLUB OF
SACRAMENTO, INC., a California
corporation,

        Defendant.

No. 2:18-cv-2960 KJM DB

FINDINGS AND RECOMMENDATIONS

This matter came before the undersigned on December 6, 2019, pursuant to Local Rule 302(c)(19), for hearing of plaintiff's motion for default judgment. (ECF No. 19.) Attorney Stephen Soskin appeared on behalf of the plaintiff. No appearance was made on behalf of the defendant. At that time, oral argument was heard and the motion was taken under submission.

Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be granted as explained below.

**BACKGROUND**

Plaintiff Philadelphia Indemnity Insurance Company, ("Philadelphia Indemnity"), commenced this action on November 9, 2018, by filing a complaint and paying the required filing

1

fee. (ECF No. 1.) Plaintiff is proceeding on an amended complaint filed on November 26, 2018. (ECF No. 5.) Therein, plaintiff alleges generally as follows. Plaintiff issued Commercial Lines Polices ("polices") to defendant United Revolver Club of Sacramento covering periods from September 16, 2011, through September 16, 2016. (Am. Compl. (ECF No. 5) at 2.[1])

In 2015, a lawsuit was filed in the Sacramento County Superior Court entitled <u>Willis v. City of Sacramento, et al.</u>, 34-2015-00185035 ("Willis"). (<u>Id.</u> at 1.) A second lawsuit was filed in the Sacramento County Superior Court in 2016, entitled <u>Gosling v. City of Sacramento, et al.</u>, 34-2016-00194832 ("Gosling") (Willis and Gosling actions collectively "Consolidated Action"). (<u>Id.</u>) The plaintiffs in the consolidated action alleged that they were exposed to lead found at a shooting range due to defendant's actions resulting in injury to those plaintiffs. (<u>Id.</u> at 2.)

Plaintiff here undertook defendant's defense in the consolidated action. (<u>Id.</u>) However, the policies issued to defendant contained a "Total Pollution Exclusion Endorsement" which precluded coverage for injuries caused by "pollutants." (<u>Id.</u>) Based on these factual allegations the amended complaint asserts causes of action for declaratory relief and unjust enrichment. (<u>Id.</u> at 8-9.)

Plaintiff filed proof of service of the amended complaint on defendant on January 18, 2019. (ECF No. 7.) On March 29, 2019, plaintiff filed a request for entry of default. (ECF No. 9.) The Clerk of the Court entered defendant's default on April 2, 2019. (ECF No. 10.) On August 22, 2019, plaintiff filed the pending motion for default judgment. (ECF No. 14.) Plaintiff's motion seeks an order declaring plaintiff has no obligation to defend or indemnify defendant in either the Willis or Gosling matter and seeks $143,336.12 in costs spent defending defendant in the consolidated action. (<u>Id.</u> at 1-2.)

Plaintiff, however, failed to serve defendant with a copy of the motion. Accordingly, on September 25, 2019, the undersigned issued an order continuing the hearing of the motion. (ECF No. 15.) Plaintiff filed proof of service of the motion for default judgment on defendant on October 8, 2019. (ECF No. 16.)

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

The matter came for hearing before the undersigned on November 1, 2019. (ECF No. 17.) Attorney Stephen Soskin appeared on behalf of the plaintiff. Attorney Bart Hightower attempted to appear as an individual and sought to speak on behalf of the defendant.[2] Attorney Hightower explicitly refused to appear as an attorney representing the defendant. (ECF No. 17.) Such an appearance is not permissible. Nonetheless, out of an abundance of caution the undersigned continued the hearing of plaintiff's motion to December 6, 2019. (ECF No. 18.)

The matter again came for hearing before the undersigned on December 6, 2019. (ECF No. 19.) Attorney Stephen Soskin appeared on behalf of the plaintiff. No appearance was made on behalf of the defendant.

## LEGAL STANDARDS

**I.    Default Judgment**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirecTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir.

---

[2] The proof of service filed January 18, 2019, reflects a Bart Hightower as defendant's registered agent for service and the person personally served with a copy of the amended complaint. (ECF No. 7 at 1.)

3

1980). The court is free to consider a variety of factors in exercising its discretion. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel</u>, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

**I.     Plaintiff's Motion for Default Judgment**

**A.     The <u>Eitel</u> Factors Favor Entry of Default Judgment**

Examining the amended complaint and plaintiff's motion for default judgment in light of the <u>Eitel</u> factors, the undersigned finds that overall the <u>Eitel</u> factors weigh in favor of granting plaintiff's motion for default judgment.

**1.     Possibility of Prejudice to the Plaintiffs**

The first <u>Eitel</u> factor contemplates the possibility of prejudice to the plaintiff if a default judgment is not entered. <u>Eitel</u>, 782 F.2d at 1471. Prejudice may be shown where failure to enter a default judgment would leave plaintiff without a proper remedy. <u>Landstar Ranger, Inc. v. Parth Enterprises, Inc.</u>, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (citing <u>Pepsico, Inc. v. California Security Cans</u>, 238 F. Supp.2d 1172, 1177 (C.D. Cal. 2010)).

Here, plaintiff seeks injunctive relief and monetary damages which can only be obtained through a judgment. (Pl.'s MDJ (ECF No. 14) at 11.) And "without entry of default [plaintiff] would be continuously exposed to liability in the underlying" consolidated action. <u>Aspen Ins. UK Ltd. v. Killarney Const. Co., Inc.</u>, No. C 11-1294 RS, 2012 WL 1831498, at *2 (N.D. Cal. May 18, 2012). Because defendant has refused to defend this action, if default judgment is not entered, plaintiff would be left without a proper remedy. Accordingly, the first <u>Eitel</u> factor weighs in favor of granting default judgment on behalf of the plaintiff.

////

4

**2. Sufficiency of the Complaint and the Likelihood of Success on the Merits**

The second and third <u>Eitel</u> factors are (1) the merits of plaintiff's substantive claim, and (2) the sufficiency of the complaint. <u>Eitel</u>, 782 F.2d at 1471-72. The court considers the two factors together given the close relationship between the two inquiries. <u>Craigslist, Inc. v. Naturemarket, Inc.</u>, 694 F. Supp.2d 1039, 1055 (2010). These two factors will favor entry of default judgment where the complaint sufficiently states a claim for relief upon which the plaintiff may recover. <u>PepsiCo, Inc.</u>, 238 F. Supp.2d at 1175; <u>see</u> <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978).

As noted above, the amended complaint asserts causes of action for: (1) declaratory relief; and (2) unjust enrichment, specifically seeking reimbursement for costs incurred defending defendant in the consolidate action. (Am. Compl. (ECF No. 5) at 8-9.) Specifically, declaratory judgment is sought pursuant to the declaratory judgment act, 28 U.S.C. § 2201. (<u>Id.</u> at 1.) Where, as is the case here, a declaratory judgment action is based on diversity jurisdiction California law controls. <u>See</u> <u>St. Paul Mercury Ins. Co. v. Ralee Eng'g Co.</u>, 804 F.2d 520, 522 (9th Cir. 1986). "California and federal courts have held that declaratory relief is appropriate to negate an insurer's duty to defend." <u>Mesa Underwriters Specialty Insurance Co. v. Paradise Skate, Inc.</u>, Case No. 15-cv-1253 YGR (JSC), 2016 WL 9045622, at *5 (N.D. Cal. Apr. 11, 2016).

"The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." <u>Horace Mann Ins. Co. v. Barbara B.</u>, 4 Cal.4th 1076, 1081 (Cal. 1993).

> If any facts stated or fairly inferable in the complaint, or otherwise known or discovered by the insurer, suggest a claim potentially covered by the policy, the insurer's duty to defend arises and is not extinguished until the insurer negates all facts suggesting potential coverage. On the other hand, if, as a matter of law, neither the complaint nor the known extrinsic facts indicate any basis for potential coverage, the duty to defend does not arise in the first instance.

<u>Scottsdale Ins. Co. v. MV Transportation</u>, 36 Cal.4th 643, 655 (Cal. 2005).

5

Here, the amended complaint alleges that in the consolidated action the plaintiffs there alleged that from August 1, 2010, through January 18, 2015, they suffered bodily injury as the result of exposure to toxic materials, including lead, associated with defendant's gun range. (Am. Compl. (ECF No. 5) at 4.) The plaintiffs alleged that defendant "controlled, and was responsible for the use, maintenance, repair, inspection, supervision, set up, staging, and preparation of the Gun Range." (Id.) And that the defendant "had notice of said conditions and wrongfully did not correct the same[.]" (Id.)

Plaintiff has provided a copy of the insurance policy at issue—specifically the Commercial General Liability Coverage Form. (ECF No. 5-2 at 36.) That policy contains an explicit exclusion for coverage related to "Pollution" which states that "insurance does not apply to":

> (1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants";
>
> (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured.

(Id. at 38.)

"Where an insurance policy's plain language excludes coverage for injuries . . . the insurer has no duty to defend." Mesa Underwriters Specialty Insurance Co. v. Paradise Skate, Inc., Case No. 15-cv-1253 YGR (JSC), 2016 WL 9045622, at *6 (N.D. Cal. Apr. 11, 2016); see also Atain Specialty Insurance Co. v. All New Plumbing, Inc., No. 2:18-cv-2746 MCE KJN, 2019 WL 3543854, at *4 (E.D. Cal. Aug. 5, 2019) ("Because McCall's bodily injury suit is plainly contemplated in the Policy as being excluded, and because the Policy explicitly states that Atain would have no duty to defend where the issue was excluded, the merits of Atain's declaratory judgment action are sound."); RLI Insurance Company v. City of Visalia, 297 F.Supp.3d 1038, 1053 (E.D. Cal. 2018) ("The RLI Policy explicitly excludes from coverage the cost of removal, nullification, and cleaning up environmental contamination. Therefore, there can be no doubt that RLI had no duty to defend insofar as plaintiff in the Underlying Action sought damages for the cost of removing, nullifying or cleaning up contaminating substances.");

Burlington Ins. Co. v. Alan, No. C 12-3372 SI, 2013 WL 1819996, at *4 (N.D. Cal. Apr. 30, 2013) ("As such, there is no potential for coverage of the wrongful death claim, and Burlington therefore has no duty to defend or indemnify Alan in the underlying Green action.").

Moreover, "'California law clearly allows insurers to be reimbursed for attorney's fees' and other expenses paid in defending insureds against claims for which there was no obligation to defend." James River Insurance Company v. Medolac Laboratories, 290 F.Supp.3d 956, 972 (C.D. Cal. 2018) (quoting Buss v. Superior Court, 16 Cal.4th 35, 50 (Cal. 1997)); see also Scottsdale Ins. Co. v. MV Transportation, 36 Cal.4th 643, 662 (Cal. 2005)).

Taken as true, the undersigned finds the allegations of the amended complaint are sufficient and state a meritorious claim. Accordingly, the undersigned finds that these two factors weigh in favor of granting default judgment.

### 3. Sum of Money at Stake

Under the fourth Eitel factor "the court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." PepsiCo, Inc., 238 F.Supp.2d at 1176-77. Where a large sum of money is at stake, this factor disfavors default judgment. Eitel, 782 F. 2d. at 1472. Here, plaintiff seeks reimbursement in the amount of $143,336.12 paid for defendant's defense in the consolidated action. (Pl.'s MDJ. (ECF No. 14) at 11.)

Although the amount at stake is not trivial, the undersigned "finds that the sum of money at stake is reasonable and proportional to the seriousness of defendant['s] conduct, particularly because plaintiff merely seeks reimbursement for a service provided for defendant[]." Everest National Insurance Company v. Aleman, Case No. 5:18-cv-1429 CAS (SPx), 2019 WL 2145456, at *6 (C.D. Cal. May 15, 2019); see also Mesa Underwriters Specialty Insurance Co. v. Paradise Skate, Inc., Case No. 15-cv-1253 YGR (JSC), 2016 WL 9045622, at *8 (N.D. Cal. Apr. 11, 2016) ("USIC only seeks reimbursement for defending against claims that the Policy does not cover and only seeks reimbursement from Paradise, a defaulting party whose defense costs it advanced. Accordingly, this factor favors default judgment.").

Accordingly, the undersigned finds that this factor does not weigh against entry of default judgment.

### 4. Possibility of Disputed Material Facts

The fifth Eitel factor examines whether a dispute exists regarding material facts. Vogel v. Rite Aid Corp., 992 F. Supp. 998, 1012 (2014) (citing PepsiCo, 238 F. Supp. 2d. at 1177; Eitel, 782 F.2d. at 1471-72). As a result of defendant's default, all well-pleaded factual allegations made by plaintiff are now taken as true. TeleVideo Systems, 826 F.2d at 917 (citing Geddes, 559 F.2d at 560). Thus, there is no possible dispute of material fact that would preclude the granting of a default judgment in plaintiff's favor. Accordingly, this factor weighs in favor of granting default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

The sixth Eitel factor contemplates whether defendant's default was due to excusable neglect. PepsiCo, 238 F.Supp.2d at 1177; Eitel, 782 F.2d at 1471-72. This factor gives consideration to due process, ensuring that defendants are "given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered." Philip Morris USA, Inc. v. Castworld Productions, 219 F.R.D. 494, 500 (2003) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

Defendant has been repeatedly served with documents related to this action and has not participated. (ECF Nos. 6, 7, 16.) Under such circumstances, it does not appear that defendant's default was due to excusable neglect. Accordingly, the undersigned finds that this factor weighs in favor of granting default judgment.

### 6. Policy of Deciding Cases on the Merits

The seventh Eitel factor emphasizes the "general rule that default judgments are ordinarily disfavored." Eitel 782 F.2d at 1472. "Cases should be decided upon the merits whenever reasonably possible." Id. (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). However, defendant's refusal to participate in this action has rendered a decision on the merits impossible. Thus, this factor does not weigh against default judgment.

////

////

### 7. **Summary of <u>Eitel</u> Factors**

In sum, upon consideration of all the <u>Eitel</u> factors the undersigned finds that plaintiff is entitled to a default judgment against the defendant and recommends that such a default judgment be entered. The undersigned therefore turns to plaintiff's requested damages and injunctive relief.

### B. **Terms of Judgment**

Having found that granting plaintiff's motion for default judgment is appropriate, the undersigned must now address the issue of relief. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Plaintiff's motion for default judgment seeks declaratory relief and reimbursement for the amount paid for defendant's defense, which is consist with the relief sought by the amended complaint. (Am. Compl. (ECF No. 5) at 9-10; Pl.'s MDJ (ECF No. 14) at 11.)

As noted above, plaintiff is entitled to declaratory judgment declaring that plaintiff's policy does not provide coverage for the consolidated action. Also as noted above, plaintiff seeks an award of $143,336.12 as reimbursement for the costs spent on defendant's defense in the consolidated action. Plaintiff has submitted a declaration including billing records in support of the requested amount. (Bentley Decl. (ECF No. 14-2) at 22-27.) "This declaration is sufficient to prove that [plaintiff] is entitled to money damages" as requested. <u>Mesa Underwriters Specialty Insurance Co. v. Paradise Skate, Inc.</u>, Case No. 15-cv-1253 YGR (JSC), 2016 WL 9045622, at *10 (N.D. Cal. Apr. 11, 2016).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's August 22, 2019 motion for default judgment (ECF No. 14) be granted;

2. Judgment be entered against defendant United Revolver Club of Sacramento, Inc.;

3. The Court declare that plaintiff had and has no duty to defend defendant in the consolidated action;

4. Defendant be ordered to pay plaintiff $143,336.12 in damages; and

5. This action be closed.

////

| | |
|---|---|
| 1 | These findings and recommendations will be submitted to the United States District Judge |
| 2 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) |
| 3 | days after these findings and recommendations are filed, any party may file written objections |
| 4 | with the court.  A document containing objections should be titled "Objections to Magistrate |
| 5 | Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed |
| 6 | within 14 days after service of the objections.  The parties are advised that failure to file |
| 7 | objections within the specified time may, under certain circumstances, waive the right to appeal |
| 8 | the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). |

Dated: February 14, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\philadelphia2960.mdj.f&rs